# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES R. MANSFIELD, )<br>)<br>Defendant. ) | Case No. CR-21-76-13-SLP |

## **O R D E R**

Before the Court is Defendant's pro se Motion to Reduce Sentence [Doc. No. 660]. Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.). The Government has filed a Response [Doc. No. 667] and opposes the requested relief. Defendant has filed a Reply [Doc. No. 679]. The Court has further reviewed the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 666].

**I.   Background**

On August 18, 2022, Defendant pled guilty to drug conspiracy in violation of 21 U.S.C. § 846. Doc. Nos. 386, 388, 612. On May 26, 2023, the United States Probation Office filed its Final Presentence Investigation Report (PSR). Doc. No. 557. The PSR calculated a base offense level of 32, plus (1) a two-point enhancement because the methamphetamine involved in the conspiracy was unlawfully imported from Mexico; and (2) a four-point enhancement because Defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. PSR at ¶¶ 27-

30. This resulted in an adjusted offense level of 38. *Id.*, ¶ 32. After applying a three-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 35. *Id.*, ¶¶ 34-36.

The PSR calculated a criminal history score of twenty. *Id.*, ¶ 53. Two additional points (status points) were added because Defendant committed the offense while under a criminal justice sentence. *Id.*, ¶ 54. Combining Defendant's total offense level of 35 and criminal history category of VI, the PSR recommended a guideline range of 292 to 365 months' imprisonment. *Id.*, ¶¶ 55, 84.

On July 12, 2023, the Court rejected the parties' plea agreement finding that it was not in the interest of justice. Doc. Nos. 387, 612-613, 615 at 1. The parties then reached a new plea agreement and agreed that a sentence of 300 to 360 months' imprisonment was appropriate. Doc. Nos. 612, 615 at 1. The Court adopted the PSR and the new plea agreement with these changes. *Id.* The Court then sentenced Defendant to 348 months' imprisonment. Doc. Nos. 613, 620 at 2.

On November 21, 2023, Defendant filed the pending Motion.

## II. <u>Governing Standard</u>

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). One source of statutory authorization is section 3582 which allows for a possible reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Here, Defendant seeks a sentence reduction pursuant to Amendment 821 to the U.S.S.G. which took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023). With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in the offense level if he or she meets all ten of the listed criteria.[1]

---

[1] Those ten criteria are:
    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
    (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
    (3) the defendant did not use violence or credible threats of violence in connection with the offense;
    (4) the offense did not result in death or serious bodily injury;
    (5) the instant offense of conviction is not a sex offense;
    (6) the defendant did not personally cause substantial financial hardship;

### III. Analysis

Part A of Amendment 821 reduces the assigned number of status points to either one (if the defendant had seven or more criminal history points) or zero (if the defendant had fewer than seven criminal history points). Application of the amendment here reduces Defendant's criminal history score from twenty-two to twenty-one. But even with this reduction, Defendant's criminal history category remains a VI, and his guideline range remains unchanged, i.e., 292 to 365 months' imprisonment. Thus, a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(2)(B).

### IV. Conclusion

For the reasons set forth, the Court lacks jurisdiction to reduce Defendant's sentence. *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion.").

IT IS THEREFORE ORDERED that Defendant's pro se Motion to Reduce Sentence [Doc. No. 660] is DISMISSED.

---

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G. § 4C1.1(a).

IT IS SO ORDERED this 13th day of November, 2024.

                                                SCOTT L. PALK
                                                UNITED STATES DISTRICT JUDGE